UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                                    Civil No. 17-cv-716-JD

Town of Wolfeboro

## REPORT AND RECOMMENDATION

Before the court for preliminary review is plaintiff Josephine Amatucci's complaint (Doc. No. 1) in this matter, brought against the Town of Wolfeboro ("Town"). Also before the court is plaintiff's "Supplement Evidence of Fraud" (Doc. No. 4). The complaint and complaint supplement are before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Preliminary Review Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009)).

## Discussion

### I. Complaint (Doc. No. 1)

In her initial complaint plaintiff asserts that her rights under state and federal law were violated by the Town when it filed a petition in the Superior Court seeking to have Mrs. Amatucci declared to be a vexatious litigant, pursuant to N.H. Rev. Stat. Ann. § ("RSA") 507:15-a. See Town of Wolfeboro v. Amatucci, No. 212-2015-CV-0090 (N.H. Super. Ct., Carroll Cty.). The complaint in this case is identical to the complaint Mrs. Amatucci filed in another action in this court, Amatucci v. Town of Wolfeboro, No. 17-cv-581-LM (D.N.H.) ("Case 17-581").[1]

In Case 17-581, the court dismissed the action in its entirety, finding that this court lacked jurisdiction over some of the claims asserted in that matter under the Rooker-Feldman doctrine, and that Mrs. Amatucci had failed to state a federal claim for relief. Further, the court in Case 17-581 declined to exercise supplemental jurisdiction over Mrs. Amatucci's state law claims, and dismissed those claims without prejudice to Mrs.

---

[1]The duplication of action may have been the result of confusion as to the meaning of orders issued in Amatucci v. O'Brien, No. 15-cv-356-JL (D.N.H.), and Amatucci v. Chase, No. 17-cv-237-JL (D.N.H.), in which Amatucci was denied relief concerning issues similar to the issues addressed in this case and in Case 17-581.

Amatucci's ability to litigate them in state court.  See Case 17-581, Jan. 5, 2018 Order (ECF No. 6) (approving Dec. 18, 2017 R&R (ECF No. 3)); Jan. 10, 2018 Judgment (ECF No. 7).  As the complaint in this case is identical to that filed in Case 17-581, the district judge should dismiss the claims asserted in the complaint (Doc. No. 1) in this case, for the same reasons they were dismissed in Case 17-581.  See id.

## II.  Complaint Supplement (Doc. No. 4)

Mrs. Amatucci, in her complaint supplement (Doc. No. 4) in this case, in addition to reiterating claims asserted in her complaint, asserts claims alleging that the Town: 1) committed fraud in the state court vexatious litigant proceedings by objecting to Mrs. Amatucci's post-trial efforts to submit evidence of fraud in those proceedings to the court; and 2) engaged in unspecified "elder abuse" of Mrs. Amatucci.

To the extent the supplement asserts new claims, they arise under state law.  Because Mrs. Amatucci has not stated any federal claim upon which relief might be granted in this case, the district judge should decline to exercise supplemental jurisdiction over the state law claims asserted in the supplement, and should dismiss those claims without prejudice to Mrs. Amatucci's ability to litigate them in state court.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety, without prejudice to Mrs. Amatucci's ability to litigate her state law claims in state court. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 19, 2018

cc: Josephine Amatucci, pro se